UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHANDRA BROWN | ) |
| | ) |
| v. | ) Case No. 1:17-cv-192-JRG-CHS |
| | ) |
| VOLKSWAGEN GROUP | ) |
| OF AMERICA, INC | ) |

## REPORT AND RECOMMENDATION

Plaintiff Chandra Brown, *pro se*, has filed an application to proceed *in forma pauperis* (Doc. 1). Because I conclude her complaint does not state a claim for which relief can be granted, I RECOMMEND this action be DISMISSED and the application to proceed *in forma pauperis* be DENIED as moot.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *Bell Atlantic Corp. v. Twombly,* 550

1

U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff alleges that she was subjected to on-going, severe and pervasive harassment by co-workers and supervisors which lead to her constructive discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, which prohibits an employer from discriminating against an employee because of the employee's race, color, religion, sex, and national origin. 42 U.S.C. § 2000e; *Univ. of Texas Southwestern Medical Ctr. v. Nassar*, 570 U.S. 338 (2013). However, Plaintiff has not alleged that she was harassed of treated any differently because of her race, color, religion, sex, and/or national origin. Consequently, Plaintiff has failed to state a claim for which relief can be granted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

For the reasons stated herein, it is **RECOMMENDED**[1] that this action be **DISMISSED** without prejudice and the *in forma pauperis* application be **DENIED** as moot.

**ENTER.**

s\ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 149, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).